### RAEFORD WHITLEY v. HARRY L. WADE.

(Filed 14 January, 1960.)

APPEAL by defendant from *Clark, J.,* March Term, 1959, of JOHNSTON.

This action was instituted by the plaintiff to recover damages to his Ford automobile in the alleged sum of $1,480.00, resulting from a collision between said automobile and an Oldsmobile owned and operated by the defendant and caused by the alleged negligence of the defendant.

The collision occurred about 5:00 p.m. on 20 April 1958 on the highway leading from Wendell to Smithfield, at or near the intersection of the said highway with the highway leading from Clayton to Wilson. The plaintiff was traveling in a southerly direction on the dominant highway toward Smithfield; the defendant was traveling in an easterly direction toward Wilson and entered the Wendell-Smithfield road headed toward Wendell.

The defendant set up a cross-action in his answer for damages to his Oldsmobile in the sum of $1,034.66.

The plaintiff's evidence tends to show that the defendant cut to his left before reaching the intersection of said roads and drove across a paved area in front of Barnes' Store and entered the dominant highway north of the intersection at an angle of about 45 degrees and drove into the path of plaintiff's automobile.

The defendant's evidence tends to show that he stopped at a stop sign placed on the servient highway about 30 feet from the intersection of the servient and dominant highways; that he stopped again before turning left at the intersection and then proceeded northwardly toward Wendell for about 90 feet on the dominant highway, when plaintiff approached him on the defendant's side of the road and hit the right front of his car resulting in substantial damages to both vehicles.

The jury returned a verdict in favor of the plaintiff for $1,480.00. Judgment was entered on the verdict, and the defendant appeals, assigning error.

*E. J. Wellons, Wood & Spence, Robert A. Spence for plaintiff.*
*Smith, Leach, Anderson & Dorsett for defendant.*

PER CURIAM. This was a case for the twelve. The evidence was in sharp conflict — in fact, irreconcilably so. The jury accepted the plaintiff's version of how the collision occurred. We have carefully examined all the defendant's assignments of error and the exceptions on which they are based, and, in our opinion, they present no prejudicial error of sufficient magnitude to justify a new trial. Moreover, no new or novel question of law is involved in the appeal.

In the trial below there is in law

No error.